## Otis *v.* Currier, Pl'ff in Review.

By the provisions of the Revised Statutes actions of review are to be tried upon the pleadings in the original action, such pleadings being amendable in the discretion of the court.

A plea in bar, setting forth matter arising subsequent to the original judgment, is irregular, and such plea is not cured or strengthened by a replication.

Writ of Review, of a plea of land, wherein Otis was plaintiff and Currier was defendant. The original action was commenced at the court of common pleas for Merrimack county, September term, 1843. Judgment, as upon a mortgage, was rendered for the plaintiff to recover possession of the premises.

To this action of review Otis pleaded in bar that since the said September term, 1843, to wit, on the 16th day of December, 1843, he had entered into the mortgaged premises under process of law, under the mortgage, and has continued in actual possession thereof for one year until December 18, 1844, before the suing out of this writ of review.

---
Otis *v.* Currier.
---

Currier, the plaintiff in review, replied that he ought not to be precluded, &c., because the entry of Otis was by virtue of the execution which he recovered in the original action, and that possession was held under that execution, and not otherwise, and not by his consent; and that this action of review was granted and decreed by the Superior Court of Judicature, on the second Tuesday of December, 1844, upon his petition; and that he, at the time of the commencement of the original suit, had not nor hath he ever disseized the defendant in manner and form, &c.

Demurrer and joinder.

*Eaton,* for Otis.

*Perley,* and *Ainsworth,* for Currier.

PARKER, C. J. The statute, regulating reviews and new trials, provides that " all writs of review shall be returnable in the court of common pleas in the county where the judgment was rendered, and shall be tried upon the pleadings filed in the original actions, if any, unless the court, upon such terms as they shall think reasonable, shall permit amendments to be made." Rev. Stat., chap. 192, sec. 7.

There has been no application in this case for any amendment of the pleadings, or for any leave to file pleadings in the original action *nunc pro tunc,* which may be a proper course if none were filed before judgment; but it seems that the attempt is to set up, by way of bar to the writ of review, the possession which the original plaintiff obtained under his judgment, as a foreclosure of the mortgage upon which the suit was founded.

This is irregular. The plaintiff in review, instead of replying, should have moved to set aside the plea. But the replication and the demurrer to it have not given any validity to the plea, or cured any defect.

*Pleadings set aside.*